UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BONGYONG CHOI on behalf of himself and all others : similarly situated,
                                          :

                       Plaintiff,        :

                                  :       <u>REPORT AND</u>
    -against-                        :       <u>RECOMMENDATION</u>
                                  :
AHC MEDICAL SERVICES, PLLC, and ATAUL :       No. 22-CV-1450-MKB-JRC
AKIM CHOWDHURY, M.D.,             :

                                  :
                     Defendants.  :
-------------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Bongyong Choi ("plaintiff") brings this action against AHC Medical Services,

PLLC ("AHCMS") and Ataul Akim Chowdhury, M.D. ("Chowdhury") (collectively,

"defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and

New York Labor Law ("NYLL") § 650 *et seq*. *See generally* Compl., Dkt. 1.  Upon plaintiff's

application and in light of defendants' failure to appear in or otherwise defend this action, the

Clerk of the Court noted the default of AHCMS on April 27, 2022, and Chowdhury on

September 7, 2022.  *See* Dkts. 7, 17.

      Currently pending before this Court, on a referral from the Honorable Margo K. Brodie,

is plaintiff's motion for default judgment, seeking unpaid minimum wages, statutory penalties,

liquidated damages, prejudgment interest, attorney's fees, and costs.  *See* Order Referring

Motion dated September 12, 2022; Compl., Dkt. 1 at 5-9; Mem. in Supp. of Mot. for Default J.

("Pl. Mem."), Dkt. 18-1; [Supplemental] Mem. of Law in Supp. of Mot. for Default J. ("Supp.

Pl. Mem."), Dkt. 25.  For the reasons set forth below, this Court respectfully recommends

granting plaintiff's motion in part.

## I.    Background

The following facts are drawn from plaintiff's Complaint and affidavit and are accepted as true for purposes of adjudicating this motion.  Defendants own and operate a medical office with their principal place of business at 175-20 Hillside Avenue, 2nd Floor, Queens, New York 11432.  *See* Compl. ¶¶ 3, 9.  AHCMS employs workers who engage in commerce or the production of goods for commerce and handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.  *Id*. at ¶¶ 10, 11.  At all relevant times, the gross annual revenue of AHCMS was in excess of $500,000.  *Id*. at ¶ 12.  The individual defendant Chowdhury is the president and the owner of AHCMS and exercised sufficient control over the company's operations to be considered plaintiff's employer under the FLSA and NYLL.  *Id*. at ¶¶ 13-15.  Chowdhury had the authority to hire and fire employees at AHCMS, make all final decisions about employment practices, and to manage, supervise, establish, and administer the terms and conditions of plaintiff's employment.  *Id*. at ¶¶ 16-18.

Defendants employed plaintiff as a physical therapist from August 20, 2021 through December 4, 2021.  *Id*. at ¶ 8.  Plaintiff worked five days per week from 12:00 p.m. to 8:00 p.m.  *Id*. at ¶¶ 26, 27.  According to the terms of his employment contract, plaintiff's hourly rate was $50 per hour to be paid every two weeks.  *Id.* at ¶ 28; Employment Contract at 2, Dkt. 18-8.  Plaintiff alleges that defendants failed to compensate him for the last three weeks of his employment from November 14, 2021 until December 4, 2021, when plaintiff's employment was mutually terminated.  *See* Compl. ¶ 29; Termination Letter dated December 4, 2021, Dkt. 18-9.  Plaintiff further alleges that defendants failed to furnish him with a wage notice at the time of his hiring, and failed to provide him with wage statements on payday reflecting his hours worked and rate of pay during the period in which he worked.  *See* Compl. ¶¶ 30, 31.

On March 16, 2022, plaintiff timely commenced this action alleging, *inter alia*, violations of the FLSA (First Claim) and NYLL (Second and Third Claims). *See* Compl. at 5-8; *id*. at ¶ 1. Defendants were properly served on March 25, 2022 (AHCMS) and August 10, 2022 (Chowdhury). *See* Summons Returned Executed*,* Dkts. 5, 15. Defendants have failed to answer the Complaint or otherwise appear in this action. The Clerk of Court noted the default of AHCMS on April 27, 2022, and the default of Chowdhury on September 7, 2022. *See* Clerk's Entry of Default, Dkts. 7, 17. On September 12, 2022, plaintiff moved for default judgment against defendants.[1] *See* Motion for Default Judgment, Dkt. 18. On January 10, 2023, this Court granted plaintiff's motion for leave to file a supplemental fee petition. *See* Minute Entry dated January 10, 2023. On January 19, 2023, plaintiff filed a supplemental memorandum of law seeking additional prejudgment interest, attorneys' fees and costs. *See* Dkt. 25.

## II.    Discussion

### A.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. The Rule sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second,

---

[1] Plaintiff initially moved for default judgment against only defendant AHCMS, but subsequently refiled the motion against both defendants. *See* Motion for Default Judgment as to AHC Medical Services, PLLC, Dkt. 8; Motion for Default Judgment, Dkt. 18.

after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment.  *See* Fed. R. Civ. P. 55(a), (b)(2).

Here, on April 27, 2022 and September 7, 2022, the Clerk of the Court entered a default against defendants AHCMS and Chowdhury, respectively, after they failed to respond to the Complaint.  *See* Dkts. 7, 17.  To date, defendants have not appeared or moved to vacate the entry of default.

The Court has discretion whether to issue a default judgment.  When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor."  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("prior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law") (internal quotations and citations omitted).

"Default judgments are 'generally disfavored and are reserved for rare occasions.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d at 158, 168 (2d Cir. 2004)).  Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort.  *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).  While the Second Circuit has

recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil*, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *Id.* Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because defendants are in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true. *See Masino v. Architectural Pavers Corp.*, No. 09-CV-2213, 2010 WL 415286, at *2 (E.D.N.Y. Jan. 15, 2010); *Finkel*, 577 F.3d at 84 (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). A fact is not considered "well-pleaded," however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotations and citations omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

The Court has significant discretion to consider a number of factors in deciding whether

to grant a default judgment, including:  (1) whether the grounds for default are clearly established; (2) whether the claims were adequately pleaded in the Complaint, thereby placing the defendant on notice, *see* Fed. R. Civ. P. 54(c) (stating: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); *King v. STL Consulting LLC*, No. 05-CV-2719, 2006 WL 3335115, at *4-*5 (E.D.N.Y. Oct. 3, 2006) (holding that Rule 54(c) is not violated in awarding damages that accrued during the pendency of a litigation, so long as the Complaint put the defendant on notice that the plaintiff may seek such damages); and (3) the amount of money potentially involved -- the more money involved, the less justification for entering the default judgment, *see Hirsch v. Innovation Int'l, Inc.*, No. 91-CV-4130, 1992 WL 316143, at *2 (S.D.N.Y. Oct. 19, 1992).  Additionally, the Court may consider whether material issues of fact remain, whether the facts alleged in the Complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and whether the default judgment might have a harsh effect on the defendant.  *See Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 393 (S.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

"In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 266 (E.D.N.Y. 2019).  These factors are "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to the plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Id.* (quoting *Pecarsky v. Galaxiworld.com, Ltd.,* 249 F.3d 167, 170-71 (2d Cir. 2001)).

As to the first factor, "a defendant's nonappearance and failure to respond sufficiently

demonstrates willfulness." *Luna v. Gon Way Constr., Inc.*, No. 16-CV-1411, 2017 WL 835321, at *4 (E.D.N.Y. Feb. 14, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017).  Here, both defendants failed to respond to the Complaint despite proper service.  *See* Dkts. 5, 15.  In addition, plaintiff served defendants with copies of the instant motion for default judgment and notice of the hearing on the motion.  *See* Notice of Motion at 2, Dkt. 18; Certificates of Service, Dkts. 20, 23.  Defendants have nonetheless failed to respond to plaintiff's motion for default judgment or appear at the hearing.  *See* Minute Entry dated 1/10/2023.  Accordingly, defendants' failure to respond to the Complaint or the instant motion demonstrates that their default was willful.

As to the second factor, defendants' failure to appear in this action has left the Court unable to assess whether defendants have a meritorious defense.  This weighs in favor of granting a default judgment.  *See Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013) ("Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a default judgment.").

With respect to the third factor, because defendants have demonstrated a refusal to engage in this action, "there are no additional steps available to secure relief [against defendant] in this Court." *Trs. of Bldg. Trades Educ. Benefits Fund v. Romero Elec. LLC*, No. 19-CV-3515, 2021 WL 3604811, at *4 (E.D.N.Y. July 19, 2021) (quoting *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)), *report and recommendation adopted*, 2021 WL 3603613 (E.D.N.Y. Aug. 13, 2021).  This Court finds that the prejudice factor weighs in favor of default judgment.

Accordingly, this Court recommends finding that defendants' failure to answer or

otherwise respond to the Complaint constitutes an admission of the factual allegations therein, and now proceeds to consider whether those facts establish defendants' liability under federal and state law.

### B.    FLSA

"The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers." *Thompson v. Hyun Suk Park*, No. 18-CV-0006, 2019 WL 1299194, at *2 (E.D.N.Y. Mar. 5, 2019), *report and recommendation adopted*, 2019 WL 1298563 (E.D.N.Y. Mar. 20, 2019).  To demonstrate entitlement to wage and overtime protections under the FLSA, a plaintiff must show that (1) an employer-employee relationship exists, and (2) the employment falls under the FLSA's individual or enterprise coverage provisions. *See Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-CV-04761, 2019 WL 4889591, at *4 (E.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019); *see also* 29 U.S.C. § 206(a)(1) (providing for minimum wages for qualifying employees); *id.* § 207(a)(1) (providing for overtime wages for qualifying employees).

### 1.    The Employer-Employee relationship existed between the Defaulting Defendants and the Plaintiff.

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and a "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons," *id.* § 203(a).  The FLSA further defines the term "employee" as "any individual employed by an employer." *Id.* § 203(e)(1).  "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

There is "no rigid rule for the identification of an FLSA employer." *Teri v. Spinelli*, 980 F. Supp. 2d 366, 374-75 (E.D.N.Y. 2013) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008)). Rather, the touchstone in determining whether an individual is an employer is "operational control" over employees, meaning whether the individual exercises control over and makes decisions that "directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). Thus, to determine whether a party qualifies as an "employer" under the FLSA, "the overarching concern" that courts consider is "whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)); *see Baizan Guerrero*, 2019 WL 4889591, at *4.

When examining the "economic reality" of a particular situation, the following factors are relevant: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104-05 (quoting *Barfield*, 537 F.3d at 142). Despite these enumerated factors, however, a district court should consider any factor relevant to its assessment of the economic realities of an employer-employee relationship. *See Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003).

Plaintiff's unopposed allegations are sufficient to show that the defendants employed plaintiff within the meaning of the FLSA. First, plaintiff alleges that the individual defendant had the power to hire and fire employees at AHCMS, determine and approve rates and methods of pay, determine and approve employee work schedules, supervise and control the work of the

employees, and administer the terms and conditions of plaintiff's employment through AHCMS. Compl. ¶¶ 13-18. Plaintiff further alleges that the defendants "fail[ed] to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law." *Id*. at ¶ 22(c). As the other "economic reality" factors are clearly satisfied by plaintiff's allegations, this Court thus finds that the defaulting defendants employed plaintiff under the definition of the FLSA. *See Irizarry*, 722 F.3d at 104-05; *see also Sarmiento Perez v. Comhar Grp., LLC*, No. 19-CV-0964, 2020 WL 1364908, at *3-*4 (E.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 1332200 (E.D.N.Y. Mar. 23, 2020); *Rodriguez v. Solares Corp.,* No. 16-CV-3922, 2018 WL 7252949, at *4 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019).

Moreover, plaintiff's allegations also are sufficient to conclude that the individual defendant employed plaintiff to work at the defendant corporation. Plaintiff alleges that defendants hired plaintiff to work at AHCMS, that the individual defendant was the president and owner of AHCMS, and that he managed and supervised the terms and conditions of plaintiff's employment. Compl. ¶¶ 13, 18. Plaintiff's allegations that the individual defendant and corporate defendant are part of a common ownership or management, coupled with defendants' default, are sufficient to allege joint employment following a default. *See Apolinar v. Glob. Deli & Grocery, Inc.*, No. 12-CV-3446, 2013 WL 5408122, at *5 (E.D.N.Y. Sept. 25, 2013); *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011). Therefore, based on plaintiff's allegations, this Court finds that plaintiff was jointly employed by the individual defendant and the corporate defendant.

## 2.    Plaintiff's Employment was Covered by the FLSA.

For the FLSA's minimum wage provision to apply to an individual employee, the

employee's work must directly involve or relate to interstate commerce or, in other words, "the movement of persons or things . . . among the several States or between any State and any place outside thereof." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) (quoting 29 C.F.R. § 779.103) (emphasis omitted).  As relevant here, for an employee to plead that he is covered by the FLSA because his employer is an enterprise engaged in interstate commerce, plaintiff must demonstrate that his employer has "annual gross volume of sales made or business done [of] not less than $500,000" and has two or more employees regularly and recurrently engaged in commerce or the production of goods for commerce, including "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce[.]"  29 U.S.C. § 203(s)(1)(A)(i)-(ii); *see also* 29 C.F.R. § 779.238.

Here, plaintiff's allegations are sufficient to conclude that defendants operated in interstate commerce.  Plaintiff's allegations that AHCMS has annual gross sales in excess of $500,000, and that the corporate defendant "is an enterprise engaged in interstate commerce within the meaning of FLSA" that "has employees engaged in commerce or the production of goods for commerce," are sufficient to meet the pleading requirement for enterprise coverage in a default proceeding.  *See* Compl. ¶¶ 10-12; *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 WL 5561033, at *4 (E.D.N.Y. Sept. 1, 2015) ("Plaintiffs' specific allegation that Defendants have an annual gross revenue in excess of $500,000.00, though somewhat conclusory, is sufficient to meet the pleading requirement under the FLSA"), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

While some courts have questioned whether complaints that merely repeat the language of a statute without alleging supporting facts properly plead a cause of action, *see, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. 2012), other courts have held

allegations similar to those made here with respect to enterprise coverage to be sufficient when it was otherwise "reasonable to infer that the myriad goods necessary to operate" the enterprise originated from out of state.  *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015); *see also Huerta v. Victoria Bakery*, No. 10-CV-4754, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012).  Here, although the Complaint does not specify what products moved through interstate commerce, the allegations are sufficient for purposes of the FLSA as it is likely that at least some of the materials required to operate and maintain the medical office originated from outside of New York.  *See, e.g.*, *Luna*, 2017 WL 835321, at *5 (collecting cases).  Accordingly, this Court recommends finding that the allegations in plaintiff's Complaint, admitted by entry of default, are sufficient to conclude that plaintiff's employment falls under the FLSA's protections.

## C.    NYLL

As with the FLSA, the NYLL covers certain activities or practices affecting employers and employees.  The NYLL defines an employer as a "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."  N.Y. Lab. Law § 190(3).  An employee is defined as "any person employed for hire by an employer in any employment."  *Id.* § 190(2).  Because these definitions are similar to the FLSA's definitions, "courts use the same tests to determine joint employment under both the NYLL and the FLSA."  *Khan v. Nyrene, Inc.*, No. 18-CV-557, 2020 WL 1931282, at *5 (E.D.N.Y. Mar. 11, 2020) (internal quotations and citation omitted), *report and recommendation adopted*, 2020 WL 1929066 (E.D.N.Y. Apr. 21, 2020).

As discussed above, under the FLSA, this Court finds that the individual defendant and AHCMS jointly employed plaintiff.  Applying the same standard, this Court finds that both

defendants jointly employed plaintiff under the NYLL.[2]  *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 128 (E.D.N.Y. 2011) ("Courts in this circuit have held that the same analysis applies when determining whether defendants are jointly liable as employers under the FLSA and the NYLL.") (collecting cases).

### D.  Minimum Wages

Both the FLSA and the NYLL require employers to pay employees at a minimum hourly rate.  *See* 29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 652.  Plaintiff alleges that he was not paid at all for his last three weeks of employment.  *See* Compl. ¶ 29.  Plaintiff, therefore, states a claim for failure to pay the minimum wage.  *See Espinoza v. La Oficina Bar Corp.*, No. 20-CV-1237, 2022 WL 987429, at *14 (E.D.N.Y. Mar. 1, 2022), *report and recommendation adopted*, 2022 WL 985836 (E.D.N.Y. Mar. 31, 2022).  Whether plaintiff is entitled to unpaid wages at his regular rate of $50 per hour is addressed below.

### E.  Wage Theft Prevention Act ("WTPA")

The NYLL's WTPA requires that employers provide employees, at the time of hiring, a notice that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage . . . ; the regular pay day . . . ; the name of the employer; . . . [and] the regular hourly rate and overtime rate of pay."  N.Y. Lab. Law § 195(1)(a).  Moreover, section 195(3) of the NYLL obligates an employer to "furnish each employee with a statement with

---

[2] In light of this Court's finding that the individual defendant and AHCMS jointly employed plaintiff, each defendant is jointly and severally liable under the FLSA and the NYLL for any damages awarded to plaintiff.  *See Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (citing *Pineda*, 831 F. Supp. 2d at 685), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016); *Armata v. Unique Cleaning Servs., LLC*, No. 13-CV-3625, 2015 WL 12645527, at *4 (E.D.N.Y. Aug. 27, 2015).

every payment of wages, listing . . . the dates of work covered by that payment of wages; . . . rate

or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; and net wages."  N.Y. Lab. Law § 195(3).

Plaintiff sufficiently alleges that defendants failed to provide him with the wage notice

required by the WTPA, section 195(1)(a) of the NYLL.  *See* Compl. ¶ 46.  Additionally, the

Complaint sufficiently alleges that defendants failed to provide plaintiff with proper wage

statements, in violation of section 195(3) of the NYLL.  *See* Compl. ¶ 47.  Plaintiff, therefore,

has adequately stated claims for violations of the WTPA by each defendant, *see Vazquez v. 142*

*Knickerbocker Enter., Corp.*, 409 F. Supp. 3d 81, 89 (E.D.N.Y. 2018), as discussed in the

damages section, below.

## III.    Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon

entry of a default judgment, allegations relating to damages are not.  *See Greyhound*

*Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v.*

*Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Accordingly, if the defaulted complaint suffices to

establish liability, the court must "conduct an inquiry sufficient to ascertain the amount of

damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d

151, 155 (2d Cir. 1999).  A court may make this determination based upon evidence presented at

a hearing or upon a review of detailed affidavits and documentary evidence.  *See* Fed. R. Civ. P.

55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).  Plaintiff must

establish that he is entitled to the damages sought for violation of the FLSA and NYLL.

"Under both the FLSA and NYLL, an employer is required to maintain records of the

wages, hours, and persons employed by him." *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963, 2019 WL 1549033, at *9 (E.D.N.Y. Feb. 22, 2019) (internal quotations and citation omitted), *report and recommendation adopted*, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019). Where, as here, defaulting defendants fail to produce the requisite records, a plaintiff's sworn statement "containing information as to hours worked and rates of pay based on estimation and recollection, even if the information provided is general and not detailed, is considered a sufficient basis for the determination of damages in this context." *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977, 2017 WL 3491964, at *3 (E.D.N.Y. July 19, 2017) (internal quotations and citation omitted), *report and recommendation adopted*, 2017 WL 3493136 (E.D.N.Y. Aug. 14, 2017); *see also Herrera*, 2015 WL 1529653, at *8. "Nevertheless, the Court must ensure that plaintiff's approximations and estimates are reasonable and appropriate." *Lu Nan Fan*, 2019 WL 1549033, at *9.

Plaintiff submitted his own sworn declaration describing his dates of employment, as well as his regular hours worked and wages unpaid. *See* Affidavit of Bongyong Choi ("Choi Aff."), Dkt. 18-2. In light of defendants' default, plaintiff's evidence on damages stands uncontroverted, and, therefore, plaintiff provided a sufficient basis upon which to determine damages.

### A.    Unpaid Wages Due

Plaintiff alleges that defendants failed to pay plaintiff his agreed upon and earned wages in violation of the FLSA and NYLL for the last three weeks of his employment period, from November 14, 2021, through December 3, 2021. *See* Compl. ¶ 29. Plaintiff claims that he should recover compensation for all unpaid wages at a rate of $50 per hour. *See* Supp. Pl. Mem. at 4. However, this Court disagrees that such damages are recoverable under the FLSA. Rather,

15

"[t]he FLSA statute requires payment of minimum wages and overtime wages only." *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013). While the FLSA sets a "natural floor," plaintiff's attempts to recover unpaid wages at a rate that far exceeds the statutory minimum wage falls outside the scope of the FLSA's minimum wage provision. *See Hosseini v. Miilkiina LLC*, No. 22-CV-01459, 2023 WL 2136390, at \*4 (S.D.N.Y. Feb. 21, 2023); *Barone v. Inspire Summits LLC*, No. 20-CV-5978, 2022 WL 3139124, at \*2 (E.D.N.Y. Aug. 4, 2022) (holding that FLSA cannot be used for breach of contract claims); *Shetty v. SG Blocks*, Inc., No. 20-CV-00550, 2020 WL 3183779, at \*5 (E.D.N.Y. June 15, 2020) (holding that a plaintiff cannot recover wages other than minimum wage under the FLSA).

To be sure, under various sections of the NYLL, a plaintiff can recover for unpaid "straight" time at the agreed-upon (or regular) rate where it exceeds the minimum wage. *See Shetty,* 2020 WL 3183779, at \*5; *Calle v. Yoneles Enters., Inc.,* No. 16-CV-1008, 2017 WL 6942652, at \*7 (E.D.N.Y. Oct. 24, 2017), *report and recommendation adopted*, 2018 WL 401269 (E.D.N.Y. Jan. 12, 2018); *Villar v. Prana Hospitality, Inc.,* No. 14 Civ. 8211, 2017 WL 1333582, at \*4 (S.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, 2018 WL 3579841 (E.D.N.Y. July 25, 2018); *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812, 2015 WL 1966355, at \*42 (E.D.N.Y. May 1, 2015). For example, section 191 of the NYLL mandates that workers "be paid . . . in accordance with the agreed terms of employment . . . ." N.Y. Lab. Law §§ 191(1)(a)(i), 191(1)(d); *see also Shetty*, 2020 WL 3183779, at \*5; *Hernandez*, 2015 WL 1966355, at \*42; *see also* N.Y. Lab Law § 198(3). However, here, plaintiff did not invoke the relevant statute in his Complaint. In his motion for default judgment, plaintiff seeks to recover his regular wage rate of $50 per hour pursuant to the Employment Contract; however, in his Complaint, plaintiff limited the damages sought to unpaid minimum wages. *Compare* Supp. Pl.

Mem. at 4 (seeking unpaid wages of $6,000), *with* Compl. ¶¶ 4, 37, 42.  Pursuant to Rule 54 of

the Federal Rules of Civil Procedure, a default judgment must "not differ in kind from, or exceed

in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  With respect to the claim

for unpaid wages, as set forth in the Complaint, plaintiff seeks to recover damages only for

"unpaid minimum wages" pursuant to the relevant provisions of the NYLL and FLSA.  *See*

Compl., WHEREFORE Clause, ¶ (c).  Therefore, this Court finds that plaintiff's damages are

limited to the unpaid minimum wages sought in the Complaint.  *See Kim v. Fam. Bob Inc.,* No.

20-CV-906, 2021 WL 7906544, at *7 (E.D.N.Y. Jan 26, 2021) (on motion for default judgment,

limiting plaintiff to causes of action included in the complaint).

### B.    Unpaid Minimum Wages

As noted above, both the FLSA and the NYLL require employers to pay employees at

least a minimum hourly rate for every hour that they work.  *See* 29 U.S.C. § 206(a); N.Y. Lab.

Law § 652(1).  "Although a plaintiff may be 'entitled to recover unpaid minimum wages and

overtime pay under both the FLSA and the NYLL, he or she may not recover twice.'"  *Gonzalez*

*Mercedes v. Tito Transmission Corp.*, No. 15-CV-1170, 2018 WL 7291452, at *5 (S.D.N.Y.

Dec. 6, 2018) (quoting *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-CV-3725, 2010 WL

4159391, at *3 (S.D.N.Y. Sept. 30, 2010)) (brackets omitted), *report and recommendation*

*adopted*, 2019 WL 102007 (S.D.N.Y. Jan. 4, 2019).  "Where a plaintiff is entitled to damages

under both federal and state wage law, a plaintiff may recover under the statute which provides

the greatest amount of damages."  *Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285,

294 (S.D.N.Y. 2016) (internal quotations and citation omitted).

At all times relevant here, the FLSA required defendants to pay plaintiff a minimum

hourly wage of $7.25.  *See* 29 U.S.C. § 206(a)(1)(C).  The applicable minimum wage under the

NYLL for a New York City employer during the relevant period was $15 per hour.  *See* N.Y. Lab. Law § 652(1)(a).  Given that the minimum wage under the NYLL is higher than that of the FLSA, this Court applies the New York minimum wage rate.

Plaintiff alleges that defendants failed to pay him the minimum wage for his last three weeks of work between November 14, 2021 and December 4, 2021.  *See* Compl. ¶ 29; Choi Aff. ¶ 8; *see also* Email from plaintiff to defendants dated 4/17/2022, Dkt. 18-7 at ECF page 3.[3] Therefore, this Court recommends awarding plaintiff **$1,800** ($15 x 40 hours x 3 weeks) in unpaid minimum wages.

### C.      Statutory Damages under the Wage Theft Prevention Act

Section 195(1)(a) of the NYLL requires employers to provide employees at the time of hiring with a wage notice containing the rate of pay, the basis thereof, pay schedule, and the employer's name, physical address, mailing address, and telephone number.  *See Shang Shing Chang v. Wang*, No. 15-CV-4385, 2018 WL 1258801, at *3 (E.D.N.Y. Mar. 12, 2018).  After February 27, 2015, violations of section 195(1) carry damages of $50 per work day, up to a maximum of $5,000.  *See* N.Y. Lab. Law § 198(1-b).

Further, section 195(3) of the NYLL requires employers to furnish employees with "a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details."  *Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017) (internal quotations and citation omitted).  After February 27, 2015, violations of section 195(3) carry damages of $250 per work day, up to a maximum of $5,000.  *See* N.Y. Lab. Law § 198(1-d).

---

[3] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

Here, plaintiff alleges that he never received a wage notice or wage statements from defendants at any point throughout the course of his employment. *See* Compl. ¶¶ 30-31. Here, the Employment Contract does not satisfy the wage notice requirement because it does not contain all of the requisite information, including the employer's telephone number. *See Severino v. 436 W. L.L.C.,* No. 13-CV-3096, 2015 WL 12559893, at *9 (S.D.N.Y. Mar. 19, 2015) (granting plaintiff's motion for summary judgment where wage statement failed to disclose all information required by statute).

Plaintiff worked for defendants from August 20, 2021 through December 4, 2021, five days per week, for a total of approximately 72 work days.[4]  *See* Compl. ¶ 26. As such, this Court recommends awarding plaintiff **$3,600** (72 work days x $50 per day) for defendants' failure to provide a proper wage notice in violations of N.Y. Lab. Law § 195(1). This Court further recommends awarding plaintiff the statutory maximum of **$5,000**[5] for defendants' failure to provide plaintiff wage statements in violation of N.Y. Lab. Law § 195(3). In sum, this Court recommends awarding plaintiff a total of **$8,600** in statutory damages. *See Zhang v. Hiro Sushi at Ollies, Inc.,* No. 17-CV-7066, 2022 WL 2668283, at *14 (S.D.N.Y. July 11, 2022); *Sarmiento Perez*, 2020 WL 1364908, at *6; *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-CV-5633, 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019).

### D.    Liquidated Damages

The FLSA and the NYLL both allow for liquidated damages awards equaling 100 percent

---

[4] The Court's calculation excludes intervening holidays.

[5] Plaintiff is entitled to $250 per work day (up to a maximum of $5,000) for failing to provide wage statements in violation of New York Labor Law § 195(3). *See* N.Y. Lab. Law § 198(1-d). This Court recommends awarding the statutory maximum of $5,000 because the product of multiplying $250 by 72 works days ($250 x 72 = $18,000) exceeds the statutory maximum.

of the wages due.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  Under the FLSA, a district

court is "generally required" to award a plaintiff liquidated damages equal in amount to the

unpaid minimum or overtime wages, *Barfield*, 537 F.3d at 150; however, courts may, in their

discretion, decline to award liquidated damages where employers "show[] to the satisfaction of

the court" that they acted in good faith and reasonably believed they did not violate the FLSA.

*See* 29 U.S.C. § 260.  Similarly, the NYLL permits employees to recover "an additional amount

as liquidated damages equal to [100] percent of the total amount of the wages found to be due

. . . unless the employer proves a good faith basis for believing that its underpayment of wages

was in compliance with the law."  N.Y. Lab. Law § 198(1-a).

Because "there are no meaningful differences" between the liquidated damages

provisions of the FLSA and NYLL, the Second Circuit has interpreted the two statutes "as not

allowing duplicative liquidated damages for the same course of conduct."  *Rana v. Islam*, 887

F.3d 118, 123 (2d Cir. 2018).  "In light of the principle that the law providing the greatest

recovery will govern, [p]laintiff may be awarded liquidated damages pursuant to the NYLL or

the FLSA."  *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-CV-6722, 2020 WL 1694356, at *14

(E.D.N.Y. Apr. 7, 2020) (internal quotations and citation omitted).  However, "[l]iquidated

damages are not available for violations of the NYLL wage notice and statement provisions."

*Id.*; *see also* N.Y. Lab. Law § 198(1-a), (1-d).

Here, in light of defendants' default, defendants have failed to make a showing of good

faith.  *See Lu Nan Fan*, 2019 WL 1549033, at *11.  As this Court has calculated plaintiff's

damages according to the NYLL, plaintiff is entitled to 100 percent of his unpaid minimum

wages as liquidated damages.  Accordingly, this Court recommends awarding plaintiff **$1,800** in

liquidated damages.

### E.    Interest

#### 1.    Prejudgment Interest

Plaintiff seeks prejudgment interest on his unpaid minimum wage damages awarded under the NYLL.  *See* Supp. Pl. Mem. at 8-9.  "Prejudgment interest is compensatory in nature and is not available where a plaintiff successfully claims liquidated damages under the FLSA because the plaintiff is considered to have been appropriately compensated through the award of liquidated damages."  *Nam v. Ichiba Inc.*, No. 19-CV-1222, 2021 WL 878743, at *9 (E.D.N.Y. Mar. 9, 2021) (citing cases).  "The NYLL, however, explicitly provides that a successful plaintiff should receive both liquidated damages and prejudgment interest."  *Id.*; *see* N.Y. Labor Law § 198(1-a).  Accordingly, prejudgment interest is available for unpaid minimum wages under the NYLL, but not on liquidated damages or amounts awarded under the WTPA.  *Nam*, 2021 WL 878743, at *9.  This Court recommends awarding prejudgment interest here because plaintiff is receiving damages only under the NYLL.  *See Neri v. Abi Japanese Rest., Inc.*, No. 20-CV-581, 2021 WL 6804252, at *12 n.21 (E.D.N.Y. Nov. 29, 2021), *aff'd*, 2023 WL 2395995 (2d Cir. Mar. 8, 2023).

Prejudgment interest on NYLL damages is calculated at a rate of nine percent per annum. *See* N.Y. C.P.L.R. § 5004.  In cases in which damages are "incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  *Id*. § 5001(b).  Courts have discretion in determining a reasonable date from which to award prejudgment interest.  *See Nam*, 2021 WL 878743, at *9.

In this action, plaintiff seeks damages for unpaid wages for the three-week period between November 14, 2021 and December 4, 2021.  As such, this Court recommends adopting

the proposed interest accrual date of November 24, 2021 -- the midpoint of the damages period. *See* Pl. Mem. at 9 ("a reasonable midpoint is November 24, 2021"), Dkt. 18-1.[6]

"To calculate the per diem interest rate, [courts must] multipl[y] the statutory rate of 9% per annum by the total damages award for [plaintiff's wage claims]." *Thompson v. Hyun Suk Park*, No. 18-CV-0006, 2020 WL 5822455, at *11 (E.D.N.Y. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5820547 (E.D.N.Y. Sept. 30, 2020). Here, this yields a per diem rate of $0.44 (9% x $1,800 ÷ 365 days = $0.44). Accordingly, this Court recommends awarding plaintiff prejudgment interest at a daily rate of **$0.44** from November 24, 2021 through the date judgment is entered.

### 2.    Post-judgment Interest

Plaintiff is entitled to post-judgment interest. Post-judgment interest rates are "calculated from the date of the entry of the judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." *See* 28 U.S.C. § 1961(a). Accordingly, this Court recommends awarding plaintiff post-judgment interest on all sums awarded, commencing once the Clerk of the Court enters judgment and continuing until the date of payment.

---

[6] In plaintiff's supplemental memorandum, plaintiff identified October 12, 2021 as the midpoint of plaintiff's employment from when he started on August 20, 2021 until his termination on December 4, 2021. *See* Supp. Pl. Mem. at 9. However, plaintiff does not claim unpaid wages during the entire time he was employed, but only for the last three weeks of his employment. For purposes of calculating prejudgment interest, this Court adopts November 24, 2021 as the midpoint as originally proposed by plaintiff (Pl. Mem. at 9, Dkt. 18-1). The November 24, 2021 date reflects the midpoint of the three-week period for which plaintiff claims he was not paid. *See Fermin*, 93 F. Supp. 3d at 49 (in adopting report and recommendation, calculating simple prejudgment interest in NYLL action from the midpoint date of the claims sought in the litigation).

F.      **Attorney's Fees and Costs**

Plaintiff seeks to recover $8,746.50 in attorney's fees and $679.50 in costs.  *See* Supp. Pl.

Mem. at 19-20.  Plaintiff is entitled to recover reasonable attorney's fees and costs under the

FLSA and NYLL.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 663(1).  "The party seeking

reimbursement of attorney's fees bears the burden of proving the reasonableness and the

necessity of the hours spent and rates charged."  *Fermin*, 93 F. Supp. 3d at 51; *see generally*

*N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  A fee

application must be supported by "contemporaneous time records" that "specify, for each

attorney, the date, the hours expended, and the nature of the work done."  *Carey*, 711 F.2d at

1148.  "Failure to do so results in denial of the motion for fees."  *Riordan v. Nationwide Mut.*

*Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *see also Scott v. City of New York*, 626 F.3d 130,

133-34 (2d Cir. 2010).  District courts have broad discretion in determining the reasonableness of

an attorney's requested fees.  *See Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372, 2019

WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted*, 2020 WL

1270891 (E.D.N.Y. Mar. 17, 2020).

The NYLL permits a plaintiff to recover reasonable attorney's fees similar to recovery

for attorney's fees and costs under the FLSA.  To determine whether attorney's fees are

reasonable, courts consider both the hourly rate and number of hours worked.  *See Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983).  Courts determine whether an attorney's hourly rate is

reasonable by considering what a reasonable paying client would be willing to pay and by

looking at the attorney's experience.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

*County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Shariff v. Alsaydi*, No. 11-CV-6377, 2013

WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013).  In particular, when assessing an attorney's

requested hourly rate, courts typically consider other rates awarded in the district where the reviewing court sits. *See Simmons v. NYC Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009).

Here, plaintiff's counsel, Ryan Kim was admitted to practice in 2002 and has an extensive background in individual wage and hour and collective action cases. Mr. Kim requests an hourly rate of $475. *See* Supp. Pl. Mem. at 14. While Mr. Kim is an experienced litigator, courts in this District typically award attorney's fees in wage and hour cases at a rate of $300 to $450 dollars per hour for partners. *See, e.g., Aponte v. 5th Ave. Kings Fruit & Vegetables Corp.*, No. 20-CV-5625, 2022 WL 17718551, at *3 (E.D.N.Y. Dec. 15, 2022); *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds v. Shelbourne Constr. Corp.*, No. 20-CV-1980, 2021 WL 7908024, at *6 (E.D.N.Y. Jan. 4, 2021). A higher rate would be inappropriate here given the simplicity of this single plaintiff case. Accordingly, this Court recommends awarding Mr. Kim fees at the reduced rate of **$450** per hour. *See Nam*, 2021 WL 878743, at *10 (reducing Mr. Kim's requested rate from $550 to $450 per hour).

Plaintiff's counsel also requests $120 per hour for the work of a paralegal at his law firm. Plaintiff's counsel fails to provide any meaningful information about the paralegal, Ms. Choi, other than representing that she "has over 10 years of experience in labor-related litigation with Ryan Kim Law P.C." Supp. Pl. Mem. at 18.

The requested rate of $120 per hour for the paralegal is at the higher end of what courts in this District typically award for work performed by paralegals. *See, e.g., Thompson*, 2020 WL 5822455, at *12 (collecting cases awarding paralegals an hourly rate of $75-90 per hour); *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068, 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020) (stating that courts in this district typically award fees ranging from "$70 to $100 for

paralegals" in fee-shifting cases).  Accordingly, exercising its discretion, this Court recommends reducing the paralegal rate from $120 to **$100** per hour.

Next, this Court must determine whether the hours billed were reasonable.  Courts award fees only for hours that are "reasonably expended." *Hensley*, 461 U.S. at 433.  Plaintiff's counsel submitted an itemized time sheet showing that he and his paralegal spent 17.1 hours and 5.2 hours, respectively, for a total of 22.3 hours on, among other things, drafting a complaint, calculating damages, and drafting the motion for default judgment.  *See* Supp. Pl. Mem. at 19; Attorney Time Records, Dkt. 25-1.  This Court finds the hours expended reasonable under the circumstances.  *See Nam*, 2021 WL 878743, at *11 (on default judgment, finding that expending 27.3 hours over fifteen months was reasonable); *Villarrubia v. La Hoguera Paisa Rest. & Bakery Corp.*, No. 18-CV-4929, 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (finding that expending 35.45 hours litigating over thirteen months was reasonable), *report and recommendation adopted*, 2020 WL 6415171 (E.D.N.Y. Nov. 2, 2020).

In sum, this Court recommends awarding plaintiff attorneys' fees for the 17.1 hours worked by Mr. Kim at the rate of **$450** per hour and the 5.2 hours worked by Ms. Choi at the rate of **$100** per hour.  This Court recommends awarding total fees in the amount of **$8,215** (($450×17.1) + ($100×5.2)).

Plaintiff also seeks to recover litigation-related costs in the amount of $679.50, including the $402 filing fee, $127.50 service of process fee, and $150 in postage.  *See* Supp. Pl. Mem. at 20.  "Generally, a prevailing plaintiff in an action under the FLSA and NYLL is entitled to recover costs from the defendants as long as those costs are tied to determinable, out of pocket disbursements."  *Aponte*, 2022 WL 17718551, at *10 (internal citation omitted).  Since the costs

incurred are routinely recoverable, this Court recommends awarding plaintiff costs in the amount of **$679.50**.

### Conclusion

For the reasons set forth above, this Court respectfully recommends:

(1) granting plaintiff's motion for a default judgment against defendants, jointly and severally, and entering judgment against defendants AHC Medical Services, PLLC., d/b/a AHCMS, and Ataul Akim Chowdhury, M.D.;

(2) awarding plaintiff damages totaling **$12,200**, consisting of **$1,800** in unpaid minimum wages, **$8,600** in statutory damages, and **$1,800** in liquidated damages;

(3) awarding plaintiff pre- and post-judgment interest as described above; and

(4) awarding **$8,215** in attorney's fees and **$679.50** in costs.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendants and to file proof of service on ECF by **August 4, 2023**. Any objections to the recommendations made in this Report must be filed with the Honorable Margot K. Brodie within 14 days after the filing of this Report and Recommendation and, in any event, on or before **August 15, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
      August 1, 2023

                                     s/ James R. Cho
                                       James R. Cho
                                       United States Magistrate Judge