UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

BONGYONG CHOI on behalf of himself and all others similarly situated,

                Plaintiff,

v.

AHC MEDICAL SERVICES, PLLC and ATAUL AKIM CHOWDHURY, M.D.,

                Defendants.

---------------------------------------------------------------

**ORDER**
22-CV-1450 (MKB) (JRC)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Bongyong Choi commenced the above-captioned class action on March 16, 2022 against AHC Medical Services, PLLC ("AHCMS") and Ataul Akim Chowdhury, M.D. seeking declaratory relief and damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law § 650 *et seq.* (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise defend this action and the Clerk of Court entered default against AHCMS on April 27, 2022, (Entry of Default dated Apr. 27, 2022, Docket Entry No. 7), and Chowdury on September 7, 2022, (Entry of Default dated Sept. 7, 2022, Docket Entry No. 17). On September 12, 2022, Plaintiff moved for a default judgment against Defendants, (Pl.'s Mot. for Default J., Docket Entry No. 18), and the Court referred Plaintiff's motion to Magistrate Judge James R. Cho for a report and recommendation, (Order dated Sept. 12, 2022). By report and recommendation dated August 1, 2023, Judge Cho recommended that the Court: (1) grant Plaintiff's motion against Defendants, jointly and severally; (2) award Plaintiff damages totaling $12,200, consisting of $1,800 in unpaid minimum wages, $8,600 in statutory damages, and $1,800 in liquidated damages; (3) award Plaintiff pre- and post- judgment interest; and (4) award

$8,215 in attorney's fees[1] and $679.50 in costs (the "R&R"). (R&R 26, Docket Entry No. 26.) Judge Cho recommended that the Court deny Plaintiff's claim to recover all unpaid wages at a rate of fifty dollars per hour and, instead, grant unpaid minimum wages because Plaintiff limited the damages sought in the Complaint to unpaid minimum wages, not the wage rate in his employment contract. (R&R 16–17.) No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

---

[1] Judge Cho recommended reducing the requested rate of $120 per hour for the work of a paralegal to $100 per hour. (*See* R&R 24–25.)

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court grants Plaintiff's motion in part.

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety and the Court: (1) grants Plaintiff's motion against Defendants, jointly and severally; (2) awards Plaintiff damages totaling $12,200, consisting of $1,800 in unpaid minimum wages, $8,600 in statutory damages, and $1,800 in liquidated damages; (3) awards Plaintiff pre-judgment interest at a per diem rate of $0.44 from November 24, 2021 to the date of the judgment,[2] and post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a), to be calculated from the date judgment is entered until the date of payment; and (4) awards Plaintiff $8,215 in attorney's fees and $679.50 in costs.

Dated: August 30, 2023
       Brooklyn, New York

                              SO ORDERED:

                              /s/ MKB
                            MARGO K. BRODIE
                            United States District Judge

---

[2] As recommended by Judge Cho, the per diem rate for pre-judgment interest is $0.44 (9% multiplied by $1,800 and divided by 365 days equals $0.44). (R&R 22.) The Court adopts Judge Cho's recommendation that November 24, 2021 be used as the interest accrual date. (*Id.* at 21–22.)